IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA )
)
v. ) Criminal Case No. 4:16cr001 (RCY)
)
PRESTON L. WILKINS, )
)
Defendant. )
—————————————————— )

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 36) ("Motion for Compassionate Release"), the Supplemental Motion for Compassionate Release (ECF No. 39), the response by the United States (ECF No. 46), and other related filings. The Motion for Compassionate Release (ECF No. 36) was terminated as supplanted by the Supplemental Motion for Compassionate Release, pursuant to the Court's Order of March 12, 2021 (ECF No. 37). The Court has reviewed these documents and all exhibits, and the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will deny the Supplemental Motion for Compassionate Release.

## I. BACKGROUND

Preston Lee Wilkins ("the Defendant" or "Wilkins") was charged in a nine-count superseding indictment on February 8, 2016. (ECF No. 16.) Wilkins pled guilty on March 29, 2016, to Count One, Conspiracy to Distribute 28 Grams or more of Cocaine Base and 500 Grams or more of Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B), and Count

Seven, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18

U.S.C. § 924(c). (ECF Nos. 21 – 24.)   According to the Presentence Investigation Report

("PSR"), the maximum term of imprisonment for Count One was forty years and for Count Two

was life, each count required a mandatory minimum term of imprisonment of five years, and the

sentence for Count Two had to be served consecutively to the sentence for Count One. (PSR,

ECF No. 29 ¶ 97.)  The advisory Sentencing Guidelines range was 155 to 188 months, plus 60

months consecutive. (*Id*.)  On June 20, 2016, the Honorable United States District Judge Henry

C. Morgan sentenced the Defendant to 96 months of imprisonment on Count One and 60 months

on Count Seven, to be served consecutively, for a total term of imprisonment of 156 months.

(ECF Nos. 33 – 35.)

In the Supplemental Motion for Compassionate Release, Wilkins argues that he has

already contracted COVID-19 once, has chronic liver disease, and may be at higher risk for

severe illness from COVID-19. (Supp. Mot. Comp. Release at 2.)  He contends that the BOP is

not able to protect its population against COVID-19 and is not able to adequately care for those

who contract COVID-19. (*Id*.)  He seeks immediate compassionate release.  (*Id*. at 15.)

## II.  LEGAL STANDARD:  COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT OF 2018

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to

"reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons,"

"upon motion of the Director of the Bureau of Prisons," or "upon motion of the defendant after

the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

2

3582(c)(1)(A)(i).  Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction."  *Id.*  Section 3582(c)(1)(A) also requires courts to consider "the factors set forth in section 3553(a) to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentencing modification. *Id*.

It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i).  *White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019).  While courts do not "minimize the risks that COVID-19 poses in the federal prison system," the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  It is also generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."  *United States v. Molina*, No. 3:15cr31, 2021 WL 1323402, at *2 (E.D. Va. Apr. 8, 2021) (citation omitted).  "In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, *inter alia*, the guidance of the CDC [Centers for Disease Control and Prevention], and non-binding policy statements of the United States Sentencing Guidelines."  *Id.*  "[T]o constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious."  *Id.*  To establish the existence of "extraordinary and compelling" reasons for

3

compassionate release because of COVID-19,[1] a defendant generally must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. White*, No. 2:07cr150, 2020 WL 1906845, at *1 n.2 (E.D. Va. April 17, 2020) (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 840 (E.D. Va. 2020)).

      In *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020), the Fourth Circuit held that "there currently exists no 'applicable policy statement'" because the Sentencing Commission has not issued a policy statement since the passage of the First Step Act. *Id.* at 281. Therefore, until the Sentencing Commission issues an updated policy statement, "district courts are 'empowered to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (alteration omitted) (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)).

      Although the policy statement in U.S.S.G. § 1B1.13 is no longer binding on this Court after the Fourth Circuit's decision in *McCoy*, many courts are treating § 1B1.13 "as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A)," but they are not "treat[ing] its provisions as binding." *United States v. Dean*, No. 15-CR-0339(1), 2020 WL 7055349, at *1 (D. Minn. Dec. 2, 2020) (citing *McCoy*, 981 F.3d at 281); *see also United States v. Spencer*, No. 2:11cr30, 2021 WL 713287, at *2 (E.D. Va. Feb. 24, 2021) (noting that "the policy statement in U.S.S.G. § 1B1.13 is no longer binding . . . after . . . *McCoy*," but that "the court finds certain of its provisions useful in addressing [compassionate release motions]").

---

[1] According to his counsel, Wilkins, age 36, has hypertension, a blood disorder, and chronic liver disease, making him "more likely to suffer severe or fatal effects of COVID-19." (ECF No. 39 at 12.)

Section 1B1.13's guidance provides that a defendant's medical conditions, age, family circumstances, or other circumstances, either singly or in combination, can prove sufficiently extraordinary and compelling to justify compassionate release.  U.S.S.G. § 1B1.13, application notes 1(A)-(D).  It advises that, to be extraordinary and compelling, a defendant's medical conditions must be either "terminal . . . with an end of life trajectory" or must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  § 1B1.13, application note 1(A).

Similarly, a defendant may be released based on his advanced age when he "is at least 65 years old," "is experiencing a serious deterioration in physical or mental health because of the aging process," and "has served at least 10 years or 75 percent of his or her term of imprisonment."  § 1B1.13, application note 1(B).  Defendants may also seek compassionate release based on family circumstances, including when the caregiver of a defendant's minor child has died or become incapacitated, or when the defendant's spouse or partner has become incapacitated and the defendant constitutes the only available caregiver.  § 1B1.13, cmt. application note 1(C).  Finally, the Sentencing Guidelines contemplate situations in which "there exists in the defendant's case an extraordinary and compelling reason [for compassionate release] other than, or in combination with, [the defendant's medical conditions, age, and family circumstances]."  § 1B1.13, cmt. application note 1(D).

Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentence modification.  To that end, § 3553(a)

5

requires courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant.  18 U.S.C. § 3353(a)(1)-(2).

The Fourth Circuit provided additional guidance in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021).  It explained that the district court must "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present in [the defendant's] case."  *Id*. at 332.  In his concurring opinion, Chief Judge Gregory makes it even more clear that the district court may not "fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence." *Id*. at 335 (Gregory, C.J., concurring).  "Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing." *Id*.  "If a district court's original § 3553(a) analysis could always prove that a sentence reduction would intolerably undermine the § 3553(a) factors, then 18 U.S.C. § 3582(c)(1) would, in effect, be a nullity." *Id*.  Judge Gregory notes that "[a] day in prison under the current conditions is a qualitatively different type of punishment than one day in prison used to be," and that "[t]hese conditions, not contemplated by the original sentencing court, undoubtedly increase a prison sentence's punitive effect." *Id*. at 336.

Courts must also consider "evidence of rehabilitation and other post-conviction conduct." *United States v. Brown*, No. 3:90cr113, 2021 WL 3206548, *2 (E.D. Va. 2021) (citing *United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in the context of a sentence reduction

6

sought pursuant to § 3582(c)(2)); *United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (extending *Martin* to motions filed pursuant to § 3582(c)(1)(B))).  The *Brown* decision also notes that a defendant's "rehabilitation alone does not provide sufficient grounds to warrant a sentence modification." *Id*. (citing 28 U.S.C. § 994(t)).

Additionally, the Sentencing Commission has advised courts to consider whether, based on the factors set forth in 18 U.S.C. § 3142(g), a defendant would present a danger to the safety of any other person or to the community if released.[2]  U.S.S.G. § 1B1.13(2).  As noted herein, pursuant to *United States v. McCoy*, the policy statement is not binding, but it provides useful guidance.

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after (1) the defendant establishes an extraordinary and compelling reason for the reduction, and (2) the Court finds that a reduction in the defendant's sentence would not undermine the relevant § 3553(a) factors and any applicable policy statements issued by the Sentencing Commission.

### III. ANALYSIS

The parties agree that Wilkins has satisfied the exhaustion requirement.  But, after a careful review of the motion, memorandum, exhibits, and other related documents, including the latest information from Butner Medium FCI II, the Court concludes that Wilkins' health conditions do not support a finding of extraordinary and compelling reasons for a reduction in his sentence.  Wilkins' contention that he has chronic liver disease is not supported by the

---

[2] As modified in the context of a compassionate release motion, before releasing a defendant, courts should consider: (1) the nature and circumstances of the offense of conviction, including whether the offense is a crime of violence, a violation of § 1591, a terrorism offense, or an offense involving a minor victim, controlled substance, firearm, explosive or destructive device; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his or her character, physical and mental condition, family and community ties, financial resources, history of substance abuse and criminal history, as well as whether at the time of the instant offense, the defendant was on a period of probation, parole or other form of release; and, (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g)(1)-(4).

medical records. (ECF No. 49-1.)  The medical records indicate that Wilkins has hypertension, hemophilia, and osteoarthritis, but that his hepatitis C resolved in 2019. (ECF No. 49-1.)  The BOP followed-up in March 2021 and ordered testing to rule out cirrhosis because of his history of liver disease. (ECF No. 49-2.)  Wilkins has hypertension, hemophilia, and osteoarthritis, but the medical records indicate that these medical conditions are well-managed.  Wilkins has survived COVID-19 once, and he is not in an age category that creates an increased risk.  (*See* ECF Nos. 49 – 49-3.)  In addition, according to BOP records, Wilkins has received both doses of the Pfizer vaccine, with the second dose having been administered on March 25, 2021. (ECF No. 49.)

Wilkins is housed at FCI Butner Medium II.  There are currently no positive cases at that facility, 3 inmates have died of COVID-19, and there have been a total of 374 inmates and 31 staff members who tested positive and recovered, according to data available at www.bop.gov/coronavirus/ (updated daily at 3:00 p.m.) (last visited September 27, 2021).

Accordingly, the Court finds that Wilkins has not established an extraordinary and compelling reason for a reduction in his sentence.

Moreover, even if the Court found that Wilkins had established an extraordinary and compelling reason for a reduction in his sentence, the Court does not, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors and non-binding policy statements.  The Court finds that a reduction in Wilkins' sentence would, in fact, undermine the relevant § 3553(a) factors.  In particular, a reduction in Wilkins' sentence would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence, given the nature and

circumstances of the underlying offenses, and Wilkins' history and characteristics.[3]  WIlkins'

current sentence is reasonable and appropriate, and it is no greater than necessary to achieve the

objectives of § 3553(a).

## IV.  CONCLUSION

For the reasons set forth herein, Wilkins' Supplemental Motion for Compassionate

Release will be denied.

An appropriate Order shall issue.

_____.
/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: September 29, 2021

---

[3] While not relevant in this case given the Court's finding that Wilkins has not established an extraordinary and compelling reason for a reduction in his sentence, the Court also notes ECF No. 53.

9